Davis, J.,
delivered the opinion of the court:
While engaged in carrying out the stipulations of two contracts for tie construction of buildings and waterworks at Fort Sheridan, plaintiffs became financially embarrassed and were forced to retire from the work.
As to one of the contracts only is there substantial contention here:
That contract provided for the construction of barracks, workshops, and other buildings, and after plaintiffs’ failure, it was relet to the sureties on their bond, but without advertisement. This, it is contended, was “ as contrary to precedent as it evidently was against law.”
Williams’ (plaintiff’s) contention is thus stated (in the brief):
u The law and their contract entitled them to the benefit of competition among bidders for the right to complete their unfinished works. If upon such a competition the Government could not secure the completion of the work for the sum remaining due upon Williams & Co.’s contract, the Government had the right to charge the loss to Williams & Go. If there was no loss to the Government, Williams & Go. were entitled to be paid for the work actually done before failure. No matter how much the Government might save by such readvertisement, Williams & Go. could not gain the benefit of the saving. They might lose, but could not gain by reletting of the work.” (Citing Quinn vs. United States, 99 U. S., 30.)
It is urged that plaintiffs should be paid for all the work they did, notwithstanding their default,'and this position must be founded upon the assumption that if their contract had been readvertised or if the'defendants had purchased material and hired labor and, in this manner, completed the contract, the work would have been done cheaper.
It is unnecessary for us to consider whether the quartermaster acted within his legal powers in reletting the contract without readvertisement, for the facts show no damage to plaintiffs caused by this action; they and their sureties were afforded an opportunity to find bidders, but none could be found who would complete the work at a cheaper rate; had the Government provided material and hired labor the cost would have been greater than that actually incurred; the sureties who assumed the contract liability suffered loss; so that plaintiffs’ *528 contract appears to have been a losing one. It results that as no loss to plaintiffs is shown, due to the defendants’ action, no recovery can be bad for the retained money, whether the quartermaster’s course was strictly according to the statute or not; as that money was only sufficient to carry through the contract at a loss to the second contractors, but at none to the Government, for their total liability to both contractors is found to be exactly the original contract price.
The Government did apply part of the cost of work done by plaintiffs to work afterwards done by their sureties, but the Government had a right to expect a completion of the work by plaintiffs at the contract price, and for that purpose had a right to retain a certain percentage as a security for the .completion of the contract; all of that security it became necessary to expend in finishing the contract. If the mode of letting was illegal, plaintiffs might recover the amount of damage suffered by them through such an illegal course; but they suffered no damage.
Counterclaim dismissed. Judgment for plaintiffs for $48.40.